(Reap. Dec. 10545)

HURRICANE IMPORT CO. (PM) *v.* UNITED STATES

Entry Nos. 29924; 31473.

(Decided June 24, 1963)

*Lawrence & Tuttle* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement is before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the items marked "R" and initialed CF (Examiner's Initials) by Examiner C. Fleischman (Examiner's Name) on the invoices covered by entry 31473.

2. That as so limited the merchandise and the issues are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That at the time of exportation of the involved merchandise, the prices at which such or similar merchandise was freely offered for exportation to the United States to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, such prices including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were equal to the appraised values, less the amounts on the invoices marked "B" in green ink by the Examiner; and that at the time of exportation, such or similar merchandise was not freely offered for sale to all purchasers for home consumption in the country of exportation.

4. That the involved merchandise was entered or withdrawn from warehouse for consumption before the effective date of the Customs Simplification Act of 1956.

5. That the above-entitled appeal may be submitted on this stipulation, the same being limited to the merchandise and the issues described hereinabove and abandoned in all other respects.

On the agreed facts and consistent with the cited decision on the law, I find that the proper basis for appraisement of the merchandise

295

in question, as hereinabove identified, is export value, as defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. 1952 ed. § 1402 (d)), and that such statutory value therefor is the appraised values, less the amounts on the invoices marked "B" in green ink by the customs examiner. As to all other merchandise included on the invoices covered by the entries, the appeal for reappraisement is dismissed.

Judgment will be rendered accordingly.